IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** on behalf of himself and all others similarly situated,<br><br>　　Plaintiff<br><br>　　*Versus*<br><br>**CREDITXIP, LLC,** a Wyoming Limited Liability Company, **JONATHAN DELORME-KELLEY**, and **JUSTIN DOE**<br><br>**Jane/John Doe**<br><br>　　Defendants | **Civil Action No. 3:25-CV-65**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff BRANDON CALLIER (hereinafter "Mr. Callier" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants CREDITXIP, LLC, JONATHAN DELORME-KELLEY, and JUSTIN DOE to stop their illegal practice of placing, through its telemarketers, unsolicited phone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC"). Mr. Callier alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1. Plaintiff BRANDON CALLIER (hereinafter "Mr. Callier" or "Plaintiff") is an individual residing in or near El Paso, County Texas, and was present for all causes of action complained of himself within El Paso, Texas.

2. Mr. Callier may be served any relevant papers via email to his counsel, Omar Darwich, at omar@darwichlegal.com.

3. Defendant CREDITXIP, LLC ("CreditXip") is a limited liability company organized and existing under the laws of Wyoming and can be served via its registered agent Registered Agents Inc., 30 N. Gould Street, Ste R, Sheridan, Wyoming 82801.

4. Defendant JONATHAN DELORME-KELLEY ("Delorme") is a natural person, resident of Massachusetts, Chief Executive Officer of CreditXip, personally directed the phone calls be placed, and can be served at 32 Niles Road, Randolph, Massachusetts 02368.

5.  Defendant JUSTIN DOE ("Justin Doe") is a natural person, President of CreditXip, and personally participated in the phone calls alleged herein. Justin Doe's complete name and address for service will be determined during discovery.

6.  Defendants CreditXip, Delorme, and Justin Doe are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

7.  This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

8.  This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

9.  This Court has specific personal jurisdiction over the Defendants as they authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas. Defendants purposefully spoofed Texas area codes when placing calls into Texas. Defendants purposely spoofed Texas area code phone numbers to entice Texas residents into answering the phone and portraying themselves as doing business from the state of Texas.

10. Venue of this suit lies in the Western District of Texas, El Paso Division, pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El

Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged himself occurred within the Western District of Texas.

### STATEMENT OF FACTS

11. Mr. Callier is, and at all times mentioned himself was a "person" as defined by 47 U.S.C. § 153(39).

12. Defendants made phone calls containing prerecorded messages to Mr. Callier's personal cell phone without Mr. Callier's express written consent.

13. Mr. Callier's telephone number 4604 is a residential number.

14. Mr. Callier's telephone number 4604 is used for personal purposes and is not associated with business.

15. Mr. Callier received three phone calls from Defendants between December 12, 2024, and December 18, 2024.

16. Mr. Callier answered the third of these phone calls and was solicited for business funding.

17. Mr. Callier was sent an email from Defendant CreditXip memorializing the phone calls.

18. Each of the phone calls came from phone number 307-228-5103.

19. On February 20, 2025, Plaintiff received a phone call from 915-289-9267. The phone call utilized spoofed caller identification, resulting in a pre-recorded message left on Plaintiff's cell phone as a voice mail. The prerecorded message instructed Plaintiff to call phone number 307-228-5103.

20. On February 21, 2025, Plaintiff received a phone call from 915-895-7571. The phone call utilized spoofed caller identification, resulting in a pre-recorded message left on

4

Plaintiff's cell phone as a voice mail. The prerecorded message instructed Plaintiff to call phone number 307-228-5103.

21. On February 22, 2025, Plaintiff received a text message from "Justin" who identified himself as the "President of CreditXip." The text message came from phone number 307-228-5103.

22. On February 22, 2025, Justin Doe sent Plaintiff a text message stating:

"During our thorough review of all communications, we discovered…Every call went straight to voicemail or was a pre-recorded message." The calls referenced are the phone calls placed by Defendants to Plaintiff.

23. Justin Doe is the owner and regular user of phone number 307-228-5103.

24. On February 22, 2025, Defendants sent Plaintiff an email that stated:

"You're just too stupid and money hungry to understand that you must notify a business…Your're just an idiot you're just so stupid that you really think because you're on the DNC list you can just automatically file lawsuit. You're fucking idiot. You never notified the business of any sort of DNC list you fucking clown."

25. On February 23, 2025, Plaintiff sent an email to sales@creditxip.com requesting a copy of Defendants' internal Do Not Call Policy. Defendants refused to give Plaintiff a copy of their internal do not call policy and claimed Plaintiff "had no right to request" a copy. Defendants responded to the request by stating:

"We acknowledge your request for CreditXIP's internal Do Not Call policy. However, please be advised that CreditXIP is not legally obligated to provide this document under any federal or state law. The Telephone Consumer Protection Act (TCPA) does not require businesses to proactively verify phone numbers against the DNC registry."

26. Defendants do not possess an internal Do Not Call Policy.

27. Defendants do not check the National Do Not Call Registry prior to placing outbound solicitation phone calls.

5

28. Defendants do not subscribe to the National Do Not Call Registry.

29. On February 22, 2025, Mr. Callier searched Defendants on the Texas Registration Database website (https://direct.sos.state.tx.us/telephone/telephonesearch.asp site) to confirm the lack of registration.

30. Defendants do not qualify for an exemption to the Texas telephone solicitation registration requirement.

31. Plaintiff did not have any business relationship with Defendants before any of the phone call alleged in this Complaint.

32. Plaintiff did not consent to any phone call alleged in this Complaint.

33. Mr. Callier and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated, and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## JUSTIN DOE IS PERSONALLY LIABLE FOR PHONE CALLS

34. Justin Doe personally sent Plaintiff text messages from phone number 307-228-5103.

35. Justin Doe is the owner and regular user of phone number 307-228-5103.

36. Justin Doe personally placed the solicitation phone calls that originated from phone number 307-228-5103.

## DELORME IS PERSONALLY LIABLE FOR PHONE CALLS

37. Defendant Delorme is personally liable for all calls made to Plaintiff on behalf of Defendant CreditXip as he personally directed the phone calls to be made.

38. Defendant Delorme wrote the scripts the agents used on said calls described herein and trained the agents on live calls and the usage of the scripts with potential customers.

39. Defendant Delorme directed the telephone solicitors on which states to call and during which hours to call.

40. Defendant Delorme knowingly and willfully violates the TCPA regulations and does so because it benefits him and his company.

41. Defendant Delorme directly ordered his agents to ignore the Do-Not-Call requests and did not train his agents on how to use an internal DNC list or an internal DNC registry.

42. Defendant Delorme purchased the equipment used to make the pre-recorded phone calls contained in this Complaint.

43. Defendant Delorme instructed the sales agents on how to use the equipment used to make the pre-recorded phone calls contained in this Complaint.

44. Defendant Delorme purchased the equipment used to spoof caller identification and trained employees on how to use the spoofing equipment. He ordered his employees to use the caller identification spoofing equipment.

45. Defendant Delorme is the Chief Executive Officer of Defendant CreditXip and the ultimate decision maker of Defendant CreditXip.

46. Defendant Delorme is the mastermind who schemed, planned, directed, initiated, and controlled illegal and fraudulent behavior.

47. Defendant Delorme is well aware the conduct violated the TCPA, refused to alter the behavior, and did nothing to make the unlawful, fraudulent, and unethical behavior he directed stop.

## Class Action Allegations

48. Mr. Callier incorporates by reference all other paragraphs of this Complaint as if fully stated himself.

49. Mr. Callier brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

50. Mr. Callier proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of CreditXip, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers where on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of CreditXip (4) within a 12-month period.

**Texas Business and Commerce Code**: All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation phone calls (3) from or on behalf of CreditXip.

**47. C.F.R. § 64.1200(d):** All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more solicitation phone calls (3) from or on behalf of CreditXip (4) and requested to be placed on their internal Do-Not-Call list (5) but continued to receive solicitation phone calls

51. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3)

persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Mr. Callier's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. Mr. Callier and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

53. The Class Action Complaint seeks injunctive relief and money damages.

54. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

55. **Numerosity**: The exact number of the Class members is unknown and not available to Mr. Callier, but individual joinder is impracticable. Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

56. **Typicality**: Mr. Callier's claims are typical of the claims of other members of the Class, in that Mr. Callier and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited prerecorded phone calls.

57. **Adequate Representation**: Mr. Callier will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Callier's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Callier has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Callier has retained competent counsel to prosecute the case on behalf of

9

Mr. Callier and the proposed Class. Mr. Callier and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

58. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged himself apply to and affect the Class members uniformly, and Mr. Callier's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Mr. Callier.

59. **Commonality and Predominance**: These are many questions of law and fact common to the claims of Mr. Callier and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

60. These are numerous questions of law and fact common to Mr. Callier and to the proposed Classes, including, but not limited to, the following:

   a. Whether a pre-recorded message was used to send calls;
   b. Whether the pre-recorded calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the call;
   c. Whether Defendant's conduct constitutes violations of the TCPA;

10

    d. Whether multiple telemarketing telephone calls were made promoting the Defendants' goods or services to members of the National Do Not Call Registry Class;

    e. Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendant's conduct;

    f. Whether members of the Robocall Class are entitled to treble damages based on the willfulness of Defendants' conduct;

    g. Whether Defendants were registered to telephone solicit Texas residents;

    h. Whether Defendants qualified for an exemption from the telephone solicitation registration requirement;

    i. Whether Defendants maintained an internal do not call list; and

    j. Whether Defendants contacted individuals after they requested to not be called.

61. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

62. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

63. Mr. Callier, pursuant to local rules, shall move to certify this complaint as a Class Action**.**

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS**

64. Mr. Callier realleges paragraphs one through sixty-two and incorporates them himself as if set forth in full.

65. The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

66. The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

67. The calls harmed Mr. Callier by intruding upon his seclusion.

### First Cause of Action:
### Violation of 47 U.S.C. § 227(b)
### Artificial or Prerecorded Voice
### (On behalf of Plaintiff and the Robocall Class)

68. Mr. Callier realleges paragraphs one through sixty-seven and incorporates them herein as if set forth his in full.

69. Defendants placed phone calls to Mr. Callier's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

70. The calls were made for the express purpose of soliciting customers for Defendant CreditXip's goods and services.

71. When Mr. Callier and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

72. As a result of its unlawful conduct, Defendants repeatedly invaded Mr. Callier's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

73. Defendants' telemarketer and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

74. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## Second Cause of Action:
**Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C))**
**(On behalf of Plaintiff and the National Do Not Call Class)**

75. Mr. Callier realleges paragraphs on through seventy-four and incorporates them herein as if set forth here in full.

76. Defendants called Mr. Callier's private residential number which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and C.F.R. § 64.1200(c)(2).

13

77.     Mr. Callier was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the telephone calls described above, in the amount of $500.00 per call.

78.     Mr. Callier was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Mr. Callier requests that the court treble the damage amount as permitted by U.S.C. § 227(c)(5).

79.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Mr. Callier also seeks an permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing phone calls to cellular telephone numbers without the prior express written consent of the called party.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
(**On behalf of Plaintiff and the Texas Subclass**)

80.     Mr. Callier realleges paragraphs one through seventy-nine and incorporates them herein as if set forth here in full.

81.     Defendants' illegal solicitation sales calls to Mr. Callier and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

82.     The actions of the Defendants also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

83.     A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

84. As a result of the Defendants' violations of Texas Business and Commerce Code § 302.101, Mr. Callier may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

85. As a result of the Defendants' violations of §302.101, Mr. Callier seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

### Third Cause of Action:
### Violations of 47 C.F.R § 64.1200(d)
### Failure to maintain an internal do not call list
### (On behalf of Plaintiff and the 47. C.F.R. § 64.1200(d) subclass)

86. Mr. Callier realleges paragraphs one through eighty-three and incorporates them herein as if set forth here in full.

87. 47 C.F.R § 64.1200(d) prohibits initiating telephone solicitation without first instituting procedures for maintaining an internal list of people who request not to be called.

88. Defendants do not maintain an internal list of people who request not to be called.

89. Defendants do not have a written policy that is available upon demand.

90. Defendants do not train their personal who are engaged in telemarketing.

91. Defendants continue to call individuals who request not to be called, but who may not be on the National Do Not Call Registry.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRANDON CALLIER, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Mr. Callier as the Class representative and appointing his counsel as Class Counsel (after Plaintiff files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that the Defendant actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

F. An order declaring that the Defendants' actions, as set out above, violate 227(c) of the TCPA;

G. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

H. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

I. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

J. An order declaring that the Defendant's actions violate 47 C.F.R § 64.1200(d);

K. An award of damages for Defendant's actions that violated 47 C.F.R § 64.1200(d);

L. An injunction requiring Defendants to cease sending all unlawful calls;

M. An award of reasonable attorneys' fees and costs; and

N. Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Mr. Callier requests a trial by jury of all claims that can be so tried.

Dated this 27th day of February, 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC
 /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305

El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**