IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **Brandon Callier**, on behalf of himself | § § § § | |
| Plaintiff | § § | Civil Action No. 3:25-CV-65 DB |
| versus | § § | |
| **CreditXIP, LLC, *et al*.**, | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREDITXIP LLC AND DEFENDANT JONATHAN DELOREME-KELLEY

Plaintiff, Brandon Callier, on behalf of himself only, moves under Fed. R. Civ. P. 55(b)(2), for a default judgment against Defendant CreditXIP LLC (hereinafter "CreditXIP") and Defendant Jonathan Deloreme-Kelley (hereinafter "Kelley").

**I.      Statement of Facts**

Liability:

The Plaintiff in this case, Brandon Callier, received at least three phone calls from Defendants between December 12, 2024 and December 18, 2024. (ECF 1. At 15). Plaintiff answered one of these calls and was solicited for business funding (*Id*. At 16). Plaintiff was then sent an email from Defendant CreditXIP memorializing the phone calls. (*Id*. At 17). Each of the phone calls came from the phone number 307-228-5103. (*Id*. At. 18). On February 20, 2025, Plaintiff received a phone call from 915-289-9267 that left a pre-recorded message on his phone instructing him to call the phone number 307-228-5103. (*Id*. At. 19). On the following day,

February 21, 2025, Plaintiff received a phone call from 915-895-7571 that left a pre-recorded voice message instructing him to call the same number- 307-228-5103. (*Id*. At. 20).

On February 22, 2025, Justin Doe sent Plaintiff a text message stating "during our thorough review of all communications, we discovered…Every call went straight to voicemail or was a pre-recorded message." (*Id*. At. 22). Justin Doe is the President of Defendant CreditXIP. (*Id*. At. 21). On February 23, 2025, Plaintiff sent an email to sales@creditxip.com requesting a copy of Defendants' internal Do Not Call Policy. (*Id*. at 25). Defendants refused to give Plaintiff a copy of their internal do not call policy and claimed Plaintiff "had no right to request" a copy via stating:

> We acknowledge your request for CreditXIP's internal Do Not Call policy. However, please be advised that CreditXIP is not legally obligated to provide this document under any federal or state law. The Telephone Consumer Protection Act (TCPA) does not require businesses to proactively verify phone numbers against the DNC register. (*Id*. At. 25).

Defendants do not possess an internal Do Not Call Policy. (*Id*. At 26). Defendants do not check the National Do Not Call policy Registry prior to placing outbound solicitation calls. (*Id*. At 27). Defendants do not subscribe to the National Do Not Call Registry. (*Id*. At 28).

On February 22, 2025, Plaintiff searched for Defendants on the Texas Registration Database to confirm the lack of a valid registration. (*Id*. At 29). Defendants do not qualify for an exemption to the Texas telephone solicitation registration requirement. (*Id*. At 30). Plaintiff did not have any business relationship with Defendants before any of the phone calls alleged in this Complaint. (*Id*. At 31).

Courts have recognized that joint and several liability may be imposed when multiple defendants acted in concern to produce a single, indivisible injury. *FTC v. WV Universal Mgmt., LLC,* 877 F.3d 1234, *FTC v. Day Pacer* LLC, 125 F.4th 791, *Harper v.* Albert, 400 F.3d 1052. In

*Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, the court held that corporate officers were personally liable for TCPA violations because they actively oversaw and directed the unlawful conduct, and joint and several liability was imposed on the company and its officers.

Defendant Kelley is personally liable for all calls made to Plaintiff on behalf of Defendant CreditXIP as he personally directed the phone calls to be made. (*Id*. At 37). Defendant Kelley wrote the scripts the agents used on said calls and trained the agents on live calls and the usage of the scripts with potential customers. (*Id*. At 38). Defendant Kelley directed the telephone solicitors on which states to call and during which hours to call. (*Id*. at 39). Defendant Kelley knowingly and willfully violates the TCPA regulations and does so because it benefits him and his company. (*Id*. At 40). Defendant Kelley directly purchased theequipment used to make the pre-recorded phone calls alleged in Plaintiff's complaint. (*Id*. At 42). Defendant Kelley purchased the equipment used to spoof caller identification, trained his employees on how to use said equipment, and ordered his employees to use the caller identification spoofing equipment. (*Id*. At 44). Defendant Kelley is the chief executive officer of Defendant CreditXIP and the ultimate decision maker of Defendant CreditXIP. (*Id*. at 45). Defendant Kelley is the mastermind who schemed, planned, directed, initiated, and controlled illegal and fraudulent behavior. (*Id*. At 46).

Defendants CreditXIP and Kelley are jointly and severally liable to Plaintiff pursuant to 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d), and Texas Business and Commerce Code § 302.101.

Jurisdiction:

This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court also has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367. This Court has specific jurisdiction over the Defendants as they authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas Residents and have otherwise availed themselves to the State of Texas. (*Id*. At 9). Defendants purposefully spoofed Texas area codes when placing calls into Texas to entice Texas residents into answering the phone and portraying themselves as doing business from the state of Texas. (*Id*.)

Injury:

Plaintiff did not provide his prior express written consent to receive these calls. (*Id*. At 12.) Plaintiff did not have any business relationship with Defendants before any of the phone calls alleged in Plaintiff's Complaint. (*Id*. At 31). Plaintiff was harmed by the very harm that Congress sought to prevent –a "nuisance and invasion of privacy". (*Id*. At 65). The calls harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone. (*Id*. At. 66). The calls harmed Plaintiff by intruding upon his seclusion. (*Id*. At 67).

Damages:

While Plaintiff filed this action as a class action, the class was never certified. (See *dkt generally*). Moreover, although a default judgment, which is a judgment on the merits, conclusively establishes the Defendants' liability, it does not establish the amount of damages.

*United States ex rel. M-CO Constr., Inc., v. Shipco Gen., In*c., 814 F.2d 1011, 1014 (5th Cir. 1987). The complaints factual allegations regarding damages, even if well-pleaded, must still be proven. (*Id*.)

A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation,"-i.e., "the amount is easily computable." *United Artists Corp. v. Freeman*, 604 f.2d at 854, 857 (5th Cir. 1979). Therefore, Plaintiff moves for a default judgment on behalf of himself alone. 47 U.S.C. § 227(c)(5) provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." The "regulations prescribed under this subsection" are codified at 47 C.F.R. § 64.1200. 47 C.F.R. § 64.1200(c)(2) makes it an offense to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

Plaintiff received all unsolicited calls within a 12-month period. Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Defendants' behavior and communications to Plaintiff can only allow for the conclusion that Defendants' conduct as willful. Not only did Defendants refuse to provide a copy of their internal do not call policy, but Defendants emailed Plaintiff the following:

> You're just **TOO STUPID**… Your're just **AN IDIOT** you're just **SO STUPID** that you really think because you're on the DNC list you can just automatically file lawsuit. You're **FUCKING IDIOT**…you **FUCKING CLOWN**. (ECF 1. At. 24)(emphasis added).

5

Not only, but when Plaintiff requested a copy of the Defendants' internal do not call policy Defendants refused and claimed Plaintiff "had no right to request" a copy. (*Id*. At 25). When someone shows you who they are, believe them the first time.[1] Defendants are operating an intentionally willful illegal calling apparatus to drum up their business. In sum, Plaintiff is entitled to $4,500.00 (1,500*3=4,500) pursuant to 47 U.S.C. § 227(c).

Damages for violations of section 227(b) of the TCPA are also set by statute at up to $500 per violation. *47 U.S.C.* § 227(b)(3). These damages may also be trebled if found to be knowing and willful violations. *Id.* At (C). When Plaintiff answered, the calls played an artificial or pre-recorded voice message. Defendants themselves admitted that the calls were pre-recorded. (ECF 1. At 22). Courts tend to uniformly hold that a single call that violates two or more TCPA subsections constitutes two or more recoverable violations and thus is subject to multiple damage awards. *Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC, 2024 U.S. Dist. LEXIS 6572, *6 (W.D. Tex. Jan 12, 2024). Thus Plaintiff is entitled to an additional $4,500.00 (1,500*3=4,500) pursuant to 47 U.S.C. § 227(b).

Plaintiff is also entitled to an award for damages consistent with 47 C.F.R§64.1200(d). Defendants do not maintain an internal list of people who request not to be called. (ECF No. 1. At. 88). Defendants do not have a written policy that is available upon demand. (*Id.* At. 89). When Plaintiff requested their internal do not call policy, Defendants responded:

> We acknowledge your request for CreditXIP's internal Do Not Call policy. However, please be advised that CreditXIP is not legally obligated to provide this document under any federal or state law. (*Id*. At 25).

---

[1] Dr. Maya Angelou

Because the Defendants do not have a written policy, available upon demand, Plaintiff is also entitled an additional award of up to $1,500 per violation (if trebled). Plaintiff is entitled to an additional $4,500.

Section 302.101 of the Texas and Business Commerce Code makes it a violation for "a seller" to "make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." *Tex. Bus. & Com. Code § 302.101*. Plaintiff has pled that Defendant is liable under this section. The Fifth Circuit has routinely found that a pleading have a "short and plain statement of claim" in order "to 'give the defendant fair notice of what the … claim is". *Callier v. Tip Top Capital Inc.*, No. EP-23-CV-00437-KC, 2024 U.S. Dist. LEXIS 51117, at *19 (W.D. Tex. Mar. 22, 2024) quoting *Wooten,* 788 F.3d at 498. Plaintiff has pled that Defendant and/or their agents or telemarketers placed illegal solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101 and that these actions violated said code. Plaintiff is entitled to seek up to $5,000 for each violation and all reasonable costs of prosecuting this action. *Id*. In sum Plaintiff is entitled to at least $15,000.00. (5000*3=15,000). Plaintiff is also entitled to his filing fees of $405.00.

Procedural History:

Plaintiff's First Amended Complaint was filed in this case on March 28, 2025. (ECF 5). On June 6, 2025, this Court issued an order allowing substitute service on Defendant Kelley. (ECF 22). Plaintiff filed proof of executed service on Defendant Kelley on June 12, 2025. (ECF 27). Accordingly, Defendant Kelley's deadline to file an answer or motion to dismiss was July 3, 2025. However, due to prior filed pleadings made by Defendant Kelley, on July 14, 2025, this Court rendered an order pertaining to the timing and submissions of responsive pleadings.

Specifically, this Court ordered Defendant Kelley to "[R]E-FILE any substantive motions he seeks the Court to consider no later than twenty (20) days from the instant order. (ECF 32). To date, no responsive pleading by Defendant Kelley has been made since the rendition of the July 14, 2025 order. (See *dkt generally*). On September 8, 2025, this Court's deputy clerk entered default against Defendant Kelley pursuant Rule 55(a) of the Federal Rules of Civil Procedure. (ECF 35).

Defendant CreditXIP was served on April 24, 2025. (ECF 12). More than 21 days passed, and no answer or other pleading was filed by said Defendant as required by law. (See *dkt generally*). On June 5th, 2025, this Court's deputy clerk entered default against Defendant CreditXIP. (ECF 21).

Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.   Argument and Authorities

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. Procedurally, a defendant defaults when he or she fails to timely respond to the complaint. *Fed. R. Civ. P. 55(a); N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default*." Fed. R. Civ. P. 55(a)*. After entry of default, Plaintiff may seek an entry of default judgment*. Fed. R. Civ. P 55(b)*.

In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think

itself obligated to set aside the default on the defendant's motion. *Lindsey v Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

<u>The Court has Jurisdiction and Service of Process was Proper.</u>

Here, the Court has jurisdiction and service of process was proper. The Court has federal question subject matter jurisdiction over Plaintiff's claims and specific personal jurisdiction over Defendants. Further, both Defendants were duly served with process in accordance with the requirements of Fed. R. Civ. P. 4.

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

Specific personal jurisdiction exists herein as this suit arises out of the Defendants' contacts with the forum. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendants have "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, specific jurisdiction arises out of Defendants' intentional contacts with this forum. Defendants intentionally directed phone calls into Texas. Defendants do not have a solicitation registration certificate with the Texas Secretary of State as required. Further, Texas has an interest in protecting their citizens and enforcing its consumer protection laws. Defendants willfully and purposefully violated Texas consumer protection laws.

Under the Federal Rules of Civil Procedure, Defendants were properly served with process. Defendant CreditXIP was served on April 24, 2025. (ECF No. 12). Defendant CreditXIP was served via their registered agent who was designated by law to accept service of process on behalf of Defendant CreditXIP. (ECF No. 12). Defendant CreditXIP therefore had the opportunity to respond but did not. Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

Defendant Kelley, *arguably*, made an appearance by filing a "Motion to Dismiss by CreditXIP, LLC" on April 4, 2025. (ECF 8). Since then, Defendant Kelley has filed other various motions/documents. (See *dkt generally*). Defendant Kelley has identified himself as a pro se representative defending himself. Notwithstanding the above, on June 6, 2025, this Court granted Plaintiff's motion for alternative service against Defendant Kelley and authorized Plaintiff to serve Defendant Kelley by delivering to Defendant Kelley a copy of the complaint, summons, and said order via email at: jon.kelley@creditxip.com. (ECF No. 22). On June 12, 2025, Plaintiff perfected service on Defendant Kelley via alternative service. (ECF No. 27). Defendant Kelley has had every opportunity to respond but has failed to do so. Defendant Kelley has ignored direct instructions and orders of this Court.

<u>The Balance of Factors Weights in Favor of Default.</u>

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider either the existence nor

lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

### Without Default, Plaintiff Will Be Denied Relief.

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. See *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### Defendants Have No Meritorious Defense.

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must, therefore, conclude that Defendants had no meritorious defenses.

11

The lack of any support for a meritorious defense is sufficient to warrant default judgment. See *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

<u>Defendants Are Culpable For Their Conduct</u>

The standard for culpability is "willfulness" or "bad faith" on the defendant's part. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; see also *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

<u>The Complaint Sufficiently Pleads a Cause of Action, and Damages are Proven.</u>

The pleading meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $28,910 are both reasonable and fair given the circumstances and facts of the case.

<u>Legal Sufficiency</u>.

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5rh Cir., 1987). In the

pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-ColaCo.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff has supported his claims with adequate specificity alleging the date, time, and content of each call. Defendants did not have Plaintiff's consent nor a prior existing business relationship with Plaintiff. Defendants solicited Plaintiff using pre-recorded messages. Defendants do not have a valid Texas telephone solicitation registration nor do they maintain an internal do not call policy.

## Conclusion

Defendants decided to make calls to the Plaintiff's phone number listed on the National Do Not Call Registry to solicit into Texas. Defendants decided not to defend this lawsuit. Accordingly, the entry of default judgment against Defendants is appropriate. Plaintiff respectfully prays for an award of $28,910 plus any other relief that the court deems just and proper against Defendant CreditXIP and Defendant Kelley both jointly and severally.

Dated this 10th day of December 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC

  /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #415
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to parties registered with the Court's CM/ECF. I also certify that I emailed an electronic copy of the foregoing to Defendant Kelley at: jon.kelley@creditxip.com. I also certify that on December 10, 2025, I caused a copy of the foregoing motion to be mailed to Defendant CreditXIP's registered agent: Registered Agent Inc. 30 N. Gould St Ste R, Sheridan WY 82801 and also to their principle office address at 9169 W. State St, STE 11731 Garden City, ID 83714.


/s/ Omar Darwich_____
12/10/2025.